IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-05-346 (15) |
| | § | |
| FAVIAN CANTU ROSALEZ, | § | |
|     Defendant/Movant. | § | |

**ORDER DENYING LETTER MOTION FOR REDUCED SENTENCE**

On August 15, 2007, the Clerk docketed a letter motion from Favian Cantu Rosalez, in which he describes his rehabilitation while incarcerated and requests that the Court modify his sentence to allow him to serve the last 10 months of that sentence on house arrest. (D.E. 520.) He explains that the officials at his current place of incarceration have determined that he is not eligible for the BOP's Residential Drug Alcohol Program because he did not have enough time left on his sentence. He complains that it took the BOP seven months to make a decision on his eligibility for the program, which he appears to believe caused him to not have enough time left to qualify.

His letter also describes his attempts at rehabilitation while incarcerated. He notes that he attends weekly meetings of Narcotics Anonymous on his own accord, that he has had clear conduct and no disciplinary problems while serving his sentence, that he has received exemplary work reports, and that he has completed all required classes for pre-release as well as voluntarily completing numerous Adult Continuing Education Classes. He also asserts that his work assignments sometimes require him to leave prison property and that he is permitted to do so because of his BOP status being "Community Custody."

Finally, he notes the hardships that his family has had to endure during his incarceration, including that his wife has been unable to maintain a residence for herself and for Rosalez's children and that the family is currently living in a crowded home with his wife's parents. He also points out

his wife's inability to visit him because she must work such long hours, and her inability to pay for jaw surgery required by Rosalez's daughter.

The Court construes Rosalez's letter as requesting a reduction in sentence pursuant to 18 U.S.C. § 3582. While Rosalez's attempts at rehabilitation and his self-described exemplary work and disciplinary records are to be commended, § 3582 allows a court to reduce a defendant's sentence only in certain limited circumstances, none of which are present here.

Specifically, this Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Rosalez fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter his sentence.

Moreover, while the Court can make recommendations regarding the placement and transfer of prisoners in the custody of the Bureau of Prisons, the decision of an offender's placement is ultimately a decision to be made by the BOP, in its discretion. Indeed, in United States v. Sneed, 63 F.3d 381 (5th Cir. 1995), the Fifth Circuit declined to address the defendant's request to be allowed

to serve the remainder of his sentence on home confinement.  It reasoned that:

> [S]uch requests are properly directed to the Bureau of Prisons. See 18 U.S.C. § 3624(c) (1988) (providing that Bureau of Prisons has the authority to "place a prisoner in home confinement"); see also Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992) ("Nothing in § 3624(c) indicates any intention to encroach upon the Bureau's authority to decide where the prisoner may be confined during the pre-release period."), cert. denied, 510 U.S. 830, 114 S. Ct. 98, 126 L. Ed.2d 65 (1993).

Sneed, 63 F.3d at 389 n.6.  Thus, it is the BOP's decision as to whether or not to place Rosalez on home confinement, not this Court's.

For the foregoing reasons, Rosalez's letter motion to serve the final year of his sentence in home confinement (D.E. 520) is DENIED.

ORDERED this 12th day of September, 2007.

_____
Janis Graham Jack
United States District Judge